**Shalev Amar (022332)**
**samar@amarlawgrp.com**
**Amar Law Group, PLLC**
**40 W. Baseline Road, Suite 203**
**Tempe, AZ 85283**
**(480) 237-2744**
**(866) 226-1333 (facsimile)**
**Attorneys for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **James and Darlene Southern,** ) | |
| ) | |
| Plaintiffs, ) | Case No. |
| vs. ) | |
| ) | |
| ) | |
| **Forest River, Inc. d/b/a Coachmen,** ) | |
| **and Totom RV and Sales, LLC** ) | |
| **d/b/a Scottsdale RV,** ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

1. The District Court has jurisdiction to hear this matter under 28 U.S.C. §1331 as there is a federal question pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq*. Jurisdiction is also conferred through 15 U.S.C. §2310(d) as the amount in controversy exceeds $50,000.00; and through diversity of citizenship. This Court has pendent jurisdiction over Plaintiffs' State law revocation claim.

2. The Plaintiffs, James and Darlene Southern, ("Plaintiffs"), are consumers who reside in the State of Arizona.

3. Codefendant, Forest River, Inc. d/b/a Coachmen ("Coachmen") is a foreign corporation authorized to do business in the State of Arizona. Coachmen is engaged in the manufacture, assembly, integration, sale, supply and distribution of fully integrated motor homes and attendant warranties. Coachmen supplies its products and services to the Arizona consuming public through its authorized dealerships and repair agents, including Codefendant Totom RV and Sales, LLC d/b/a Scottsdale RV ("Scottsdale RV").

4. Coachmen unilaterally selected and then installed, integrated, and modified all components used to construct the subject Motor Home.

5. On September 6, 2017, Plaintiffs purchased from Scottsdale RV a new 2018 Coachmen Leprechaun ("Leprechaun") manufactured and warranted by Coachmen and supplied by Scottsdale RV, Vehicle Identification No. 1GB6GUCG1H1233059, for a cash price of $85,800.77 exclusive of financing.

6. In connection with Plaintiffs' purchase of the Leprechaun, Coachmen issued and supplied to Plaintiffs its written warranty, which includes *inter alia* one (1) year and 12,000 miles of coverage. Coachmen and Scottsdale RV intended Plaintiffs to view the fact the Leprechaun was "warranted" as an assurance of the Leprechaun's quality, thereby inducing Plaintiffs' purchase.

7. In addition, under Coachmen's repair or replacement warranties, Coachmen was required by common law and statute to perform adequate and competent repairs or replacements within a reasonable opportunity and time, as competent repairs within a

reasonable opportunity/amount of time is the essential purpose of warranties restricted to repair or replacement of defective parts.

8. Shortly after taking possession of the Leprechaun Plaintiffs experienced numerous defects and conditions with the Motor Home necessitating at least one hundred fifty-nine (159) days of repeated unsuccessful nonconformity repairs by Coachmen and Scottsdale RV's repair agents under warranty and an additional twenty (20) days of repair time under Plaintiffs' extended warranty for a total of one hundred seventy-nine (179) days out of service.

9. The dilatory repairs were for the following defects, nonconformities and conditions: HVAC (4 repair attempts), leveling system (3 repair attempts), electrical system (2 repair attempts), generator, engine, ECM, thermostat, slide out, battery, tire, mold, drawers, door, curtain, bed, flooring, shower, refrigerator (3 repair attempts), and awning. The Leprechaun's numerous defects and its repeated inadequate repairs have caused substantial impairment in the use and value of the subject Motor Home to Plaintiffs.

10. The Leprechaun remains in a nonconforming defective condition.

11. Plaintiffs were further damaged by canceling planned trips because of the defective condition of the Leprechaun and by being without benefit of the use of a Motor Home Plaintiffs paid for.

12. Plaintiffs provided Coachmen and Scottsdale RV, through their authorized repair agents, notice and a sufficient opportunity to repair the defects, nonconformities, and conditions within the Leprechaun.

13. Despite being given more than a reasonable number of attempts/reasonable opportunity to cure said defects, nonconformities, and conditions, Coachmen and Scottsdale RV failed to do so. As such, the Leprechaun's warranty has failed its essential purpose.

14. Coachmen and Scottsdale RV's failure to correct said defects violates Coachmen and Scottsdale RV's statutory and common law duties to Plaintiffs and the expectations created by Coachmen and Scottsdale RV's promotional documents and warranties.

15. As a result of the ineffective repair attempts made by Coachmen and Scottsdale RV through their repair agents, the Leprechaun cannot be utilized as intended by Plaintiffs at the time of acquisition.

16. Plaintiffs (by and through undersigned) provided Coachmen and Scottsdale RV additional written notification of the defects within the subject Motor Home and Plaintiffs' lawful demand for relief on December 23, 2017. Coachmen refused this request and Scottsdale RV ignored the letter.

17. Plaintiffs have been and will continue to be financially damaged due to Coachmen and Scottsdale RV's failure to conform the Leprechaun to its warranty as Plaintiffs did not receive the basis of their bargain for a new Leprechaun, but instead were saddled with a Leprechaun riddled with defects akin to an improperly maintained high mileage used Motor Home of a much lesser value.

18. Plaintiffs met all legal and enforceable obligations and preconditions provided in Coachmen's warranty and applicable law.

19. As a direct and proximate result of Coachmen's failure to comply with its written warranty, statutory obligations, and common law duties, Plaintiffs suffered damages and, in accordance with 15 U.S.C. § 2310 (d), Plaintiffs are entitled to bring suit for such damages and other legal and equitable relief.

20. Plaintiffs demand a trial by jury.

**COUNT I**
**BREACH OF WRITTEN WARRANTY**
**PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT:**
**CODEFENDANT COACHMEN**

21. Plaintiffs re-allege and incorporate by reference paragraphs 1-20 in this Complaint.

23. Coachmen failed to comply with its duties and obligations under its written warranty. Additionally, the warranty failed of its essential purpose.

24. Coachmen did not repair the defects and conditions herein within a reasonable number of repair attempts or time.

WHEREFORE, Plaintiffs request that the Court:

   a. Enter judgment against Coachmen for all diminution in value, actual, incidental and consequential damages to which Plaintiffs are entitled;

   b. Grant Plaintiffs all reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. § 2310 (d)(2); and,

   c. Grant all other relief deemed just and appropriate.

///

## COUNT II
## COMMON LAW BREACH OF WRITTEN WARRANTY: CODEFENDANT COACHMEN

25.  Plaintiffs re-allege and incorporate by reference paragraphs 1-24 in this Complaint.

26.  Coachmen failed to comply with its duties and obligations under its written warranty.  Additionally, the warranty failed of its essential purpose.

27.  Coachmen did not repair the defects and conditions herein within a reasonable number of repair attempts or time.

WHEREFORE, Plaintiffs request that the Court:

a.  Enter judgment against Coachmen for all diminution in value, actual, incidental and consequential damages to which Plaintiffs are entitled;

b.  Grant Plaintiffs all reasonable attorneys' fees, litigation costs and expenses pursuant to A.R.S. § 12-341 and A.R.S. § 12-341.01; and,

d.  Grant all other relief deemed just and appropriate.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY UNDER THE MAGNUSON-MOSS WARRANTY ACT (15 U.S.C. § 2308): CODEFENDANT SCOTTSDALE RV

28.  Plaintiffs re-allege and incorporate by reference paragraphs 1-27 of this Complaint.

29.  No supplier may disclaim or modify any implied warranty to a consumer with respect to such consumer product if at the time of sale, or within 90 days thereafter,

such supplier enters into a service contract with the consumer which applies to such consumer product. *See* 15 U.S.C. § 2308 (a).

30. Scottsdale RV entered into a service contract with Plaintiffs at the time of sale which applies to the Leprechaun.

31. Any attempts to disclaim the implied warranty of merchantability by Scottsdale RV are invalid. *See* 15 U.S.C. § 2308 (c) ("A disclaimer, modification, or limitation made in violation of this section shall be ineffective for purposes of this chapter and State law").

32. Because of its defects and repair history, the Leprechaun is not fit for its ordinary purpose of Motor Homing.

33. Scottsdale RV breached the implied warranty of merchantability to Plaintiffs.

WHEREFORE, Plaintiffs request that the Court:

    a. Enter judgment against Scottsdale RV for all diminution in value, actual, incidental and consequential damages to which Plaintiffs are entitled;

    b. Grant Plaintiffs all reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. § 2310(d)(2); and,

    e. Grant all other relief deemed just and appropriate.

///

///

///

# COUNT IV
# BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE UNDER THE MAGNUSON-MOSS WARRANTY ACT (15 U.S.C. § 2308): CODEFENDANT SCOTTSDALE RV

34. Plaintiffs re-allege and incorporate by reference paragraphs 1-33 of this Complaint.

35. Plaintiffs made Scottsdale RV's sales agents aware that Plaintiffs were purchasing the Leprechaun to vacation in, travel in extensively and take planned trips in and relied on said agents' skill and judgment to select the subject Leprechaun as suitable for these purposes.

36. Scottsdale RV's sales agents assured Plaintiffs the Leprechaun was fit for these express purposes.

37. Because of its defects and repair history the Leprechaun was not fit for the particular purposes of vacationing in, traveling in, and taking planned trips in.

38. Scottsdale RV breached the implied warranty of fitness for a particular purpose to Plaintiffs.

WHEREFORE, Plaintiffs request that the Court:

    a. Enter judgment against Scottsdale RV for all diminution in value, actual, incidental and consequential damages to which Plaintiffs are entitled;

    b. Grant Plaintiffs all reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. § 2310(d)(2); and,

    c. Grant all other relief deemed just and appropriate.

# COUNT V
# REVOCATION OF ACCEPTANCE PURSUANT TO A.R.S. § 47-2608
# CODEFENDANT SCOTTSDALE RV

39. Plaintiffs re-allege and incorporate by reference paragraphs 1-38 of this Complaint.

40. Scottsdale RV's tender of the Leprechaun was substantially impaired to Plaintiffs due to its defects and nonconformities.

41. Plaintiffs accepted the Leprechaun without notice of said defects and with the reasonable assumption that any nonconformities within the Motor Home would be seasonably cured.

42. The nonconformities herein have not been seasonably cured.

43. Plaintiffs' acceptance of the Leprechaun was reasonably induced by the difficulty of discovering the Leprechaun's nonconformities before acceptance and by Seller's assurances regarding the quality of the Leprechaun.

44. Plaintiffs' revocation of acceptance occurred within a reasonable time after discovering the grounds for revocation and before any substantial change in condition of the Motor Home which was not caused by its own defects.

45. Plaintiffs have timely notified Scottsdale RV of the revocation.

WHEREFORE, pursuant to A.R.S. § 47-2608, Plaintiffs pray that the Court:

   a. Order Scottsdale RV to accept Plaintiffs' revocation of acceptance and return all monies paid towards the subject Motor Home and pay off any outstanding loan balance in exchange for return of the Motor Home;

b. Order Scottsdale RV to pay all incidental and consequential damages to which Plaintiffs are entitled;

c. Grant Plaintiffs all reasonable attorneys' fees, litigation costs and expenses pursuant to A.R.S. § 12-341 and A.R.S. § 12-341.01; and,

d. Grant all other relief deemed just and appropriate.

**RESPECTFULLY SUBMITTED** this 1st day of October 2018.

By: /s/Shalev Amar
Shalev Amar
Amar Law Group, PLLC
40 W. Baseline Road, Suite 203
Tempe, AZ 85283
(480) 237-2744
(866) 226-1333 (facsimile)
Attorney for Plaintiffs